[No. 2482. Decided September 21, 1897.]

JAMES H. MARLETTE, *Respondent,* v. A. S. CRAWFORD *et al., Appellants.*

LOGS AND LOGGING — FORECLOSURE OF STUMPAGE LIEN — IMMATERIAL EVIDENCE.

In an action to foreclose a lien upon sawlogs, where no rights of third parties are involved, the allegations of the complaint showing that the contract was to pay "the sum customary and usual for saw logs in that vicinity, to-wit, the sum of one dollar per thousand feet, which said sum was a reasonable price for stumpage in said vicinity at said time," while the notice of lien sets out that the defendants "agreed to pay one dollar per thousand feet stumpage" to plaintiff, constitutes but an immaterial variance.

A description of saw logs in a lien notice as marked "Cs and O," when they were in fact marked ⑤ is, as between the original parties, when the logs in controversy were actually cut upon plaintiff's premises and no rights of innocent third parties are involved, an immaterial variance, under the provisions of Laws 1893, p. 433, § 15, which provides that no mistake or error in the statement of the demand, nor in the description of the property, shall invalidate the lien, unless the court finds such mistake made with intent to defraud, or that an innocent third party has become the *bona fide* owner of the property liened upon, etc.

Appeal from Superior Court, Clallam County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*Coleman & Hart,* and *Sapp & Lysons,* for appellants.

*George C. Hatch,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought by respondent to foreclose a lien upon certain saw logs cut upon his premises by appellants. From a judgment and decree of foreclosure the defendants have appealed.

The complaint, upon which plaintiff proceeded to trial, alleged a verbal contract with defendants, by the terms of which they were permitted to go upon plaintiff's premises and remove the logs, for which privilege they agreed to pay plaintiff " the sum customary and usual for saw logs in that vicinity, to-wit, the sum of one dollar per thousand feet, which said sum was a reasonable and customary price for stumpage in said vicinity at said time." The notice of lien sets out that the defendants " agreed to pay one dollar per thousand feet stumpage to the said James H. Marlette, and did go upon the land of said claimant and did cut and remove from said land about 600,000 feet." At the close of plaintiff's case defendants moved for a nonsuit upon the ground that there was a variance between the allegations of the complaint and the statement in the lien notice as to the price to be paid for cutting the logs, and further that the lien notice was insufficient to identify the logs. The motion was overruled. In this action no right of third parties or innocent purchasers is involved, and as between the parties we think that the variance was immaterial. The description of the logs contained in the lien notice is as follows: " Marked thus, ℂ and 0 and now lying in the Hoko river, Clallam county, state of Washington." The proof showed, and the court found, that the logs were in fact marked " ℂ " only. Prior to the time of the trial, upon application of the plaintiff, the logs in question had been, by order of the court, placed in the possession of the sheriff.

That the logs in controversy were *actually cut upon plaintiff's premises* the record admits of no doubt, and the decree only directs a sale of the logs so cut; and as against the defendants in this action we think the variance in the matter of the description was also immaterial.

Section 15 of the act approved March 15, 1893 (Session Laws, p. 433), is as follows:

" No mistake or error in the statement of the demand, or of the amount of credits and offsets allowed, or of the balance asserted to be due to claimant, nor in the description of the property against which the claim is filed, shall invalidate the lien, unless the court finds that such mistake or error in the statement of the demand, credits and offsets or of the balance due was made with intent to defraud, or the court shall find that an innocent third party without notice, direct or constructive, has, since the claim was filed, become the *bona fide* owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry, in any manner."

We think this section furnishes a complete answer to these and some other objections of a technical nature which are urged by the appellants.

The only other questions arising in this case relate to the sufficiency of the evidence to sustain the findings upon which the decree was entered. It is not questioned but what the findings justify the decree, and an examination of the record satisfies us that there was competent evidence given in support of every proposition essential to the decree appealed from, and that the findings must stand notwithstanding the exceptions taken.

The decree must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.